## BLAKE *v.* HEDGES.*

A contract for 250 cords of "good, merchantable wood" is complied with by the delivery of 250 cords of wood of a quality, taking the whole lot together, such as is generally sold in the market.

If the jury, in a suit to enforce a contract, find for the defendant, they indirectly find that he has complied with the contract on his part, and that he has not consented to a rescission.

If in a suit upon a contract for the delivery of a merchantable article, the defendant prove delivery at the time, &c., and it be not shown that he afterwards

---

*A petition for a rehearing of this case was overruled.

sold the article to a third person, or appropriated it to his own use, or that he otherwise agreed to a rescission, a rescission is not established; and if the contract in such case be not rescinded, and the defendant be not in fault, the plaintiff cannot recover money advanced.

To defeat such a suit, it need not be shown that the defendant set the article apart, and abandoned it to the plaintiff, or kept it delivered up to the time of suit; though it might, perhaps, be necessary to enable the defendant to recover the price of the article.

Where the evidence is in the record, it may control the judgment without regard to irrelevant instructions.

May Term,
1860.

BLAKE
v.
HEDGES.

Thursday,
June 14.

APPEAL from the *Vigo* Court of Common Pleas.

PERKINS, J.—Suit by *Blake* against *Hedges* upon a written instrument reading thus:

"*Terre Haute, October* 4, 1856.   I do hereby certify that I have promised to deliver, on the bank of the canal, within six miles of this place, two hundred and fifty cords of good, merchantable wood, to *Joseph H. Blake;* and I hereby acknowledge the receipt of fifty dollars (50) on said wood.   The balance to be paid when wood received by said *Blake*, all at the rate of one dollar and seventy-five cents per cord.   The wood is to be on the bank within three weeks from this time.        *Simeon Hedges.*"

The complaint is composed of two paragraphs; one for damages for failure to deliver the wood; the other to recover back the 50 dollars paid.

The complaint avers that the plaintiff has always been ready and willing to receive and pay for the wood according to the contract.

No point is made in the case as to who had the election of designating the point on the canal at which the wood was to be delivered.

The defendant answered, that he did, within three weeks, deliver upon the bank of the canal, six miles from *Terre Haute*, two hundred and fifty cords of good, merchantable wood, and that the plaintiff failed to pay for the same, wherefore he claims judgment for 375 dollars, the balance due for the wood.

He further answers alleging the delivery of the wood according to contract, and the refusal of the plaintiff to receive the same.

The plaintiff replied in denial of the answers.

The cause was tried by a jury. The Court gave the opening and close to the defendant; but it does not appear that the plaintiff excepted at the time. Verdict and judgment for the defendant.

The evidence is all upon the record. It shows that *Hedges* delivered the quantity of wood within the time, and that *Blake* refused to receive it because of its inferior quality. He said it was not merchantable.

The evidence on this latter point, that is, the quality of the wood, is conflicting.

The Court instructed the jury that "the term good, merchantable wood, only means that the whole lot of wood taken together should be such as is generally sold in the market, and not that every stick should be of the best quality."

We think, as applied to the evidence in the case, in connection with the contract, this instruction expressed the fair, legal import of the agreement.

The jury, by finding for the defendant, indirectly found that he had complied with the contract on his part, and that he had not consented to its rescission. We do not think the evidence establishes a rescission. It does not appear that the defendant has sold the wood delivered under the contract to any third person, or in any way appropriated it to his own use; nor that he has agreed otherwise to a rescission. See *Patterson* v. *Coats*, 8 Blackf. 500.

If the contract had not been rescinded, and the defendant was not in fault, the plaintiff could not recover back the 50 dollars he had advanced on the wood.

Nor do we decide now that the answer of the defendant was sufficient to enable him, in this action, to recover the balance of the price of the wood; because, to have been so, it may have been necessary that it should show that he delivered the wood according to the contract, and that he kept it delivered, so far as he was concerned, up to the time of the suit in which he seeks to recover for it. He does not show, in his answer, that he set the wood apart upon the canal, and abandoned it to the plaintiff in this suit. It

was not necessary for him to do this to defend against the plaintiff's suit.  Perhaps it was necessary for him to do this, in order to maintain a suit for the recovery of the price of the wood, on his part, against the plaintiff.  See *Johnson* v. *Baird*, 3 Blackf. 153, 182.

The Court instructed the jury that, if the plaintiff was unable or unwilling to pay for the wood at the time specified, it excused the defendant from the delivery.

Of this instruction we will only say, it was entirely irrelevant to the case as made by the evidence, and could not have influenced its decision; because the evidence is clear that the wood was all delivered upon the contract, and there is no evidence that the plaintiff was not able and willing to pay.  The only matter of dispute was the quality of the wood delivered.  Where the evidence in the cause is upon the record, it may control the judgment without regard to irrelevant instructions.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Claypool*, for the appellant.

*J. P. Baird*, for the appellee.