Kelley vs. Kelley.

---

## KELLEY vs. KELLEY.

20 | 443
107 | 523

*Bill of Exceptions—Presumptions in favor of judgment &c., where bill does not contain all the evidence—Evidence—Statements of party in possession.*

1. Where a bill of exceptions does not purport to contain all the evidence, it will be presumed, in support of the judgment, that the instructions given to the jury were applicable to the evidence.

2. So also it will in such a case be presumed, where the admission of certain evidence was excepted to, that the facts had been shown which would have rendered it admissible.

3. Where the question is, whether a certain frame building placed upon land without being fixed on the soil became a part of the realty, the statements of the party who placed it on the land, being at the time in possession thereof, claiming title, as to his intention in so placing it, are admissible in evidence, although he is not a party to the suit.

APPEAL from the Circuit Court for *Fond du Lac* County. Action to recover possession of a frame building, twelve by

fourteen feet, built for a granary. · So much of the evidence for the plaintiff as is contained in the bill of exceptions, shows that the building was erected six or seven years before the action, by one Ingles, on the northeast quarter of the southeast quarter of section 17 in a certain town in said county; that in November or December, 1863, it was moved by Ingles on to the north half of the southwest quarter of section 16, in the same town; that it remained there on poles or rails, just as it was moved, until April 25, 1864, not being used for any purpose, and was then moved back by Ingles to section 17; that plaintiff bought said land in section 16 of one Welton, and took a deed, April 13, 1864; that a patent for the same was issued to Welton from the state, December 28, 1863, it being school land; that Ingles lived upon the land in sec. 17 when he built said granary, when it was removed, and when it was moved back, and up to the fall of 1864; and that Welton "had had a conversation with said Ingles about the land and buildings" on said sec. 16, but at what time the conversation was held does not appear from the printed case. The plaintiff then asked Welton, as a witness for him, "to state what was said by Ingles" in that conversation. An objection by defendant was overruled, and the witness answered: "I told him I had bought the land. Says he, 'I have moved the granary on to it.' · I said, 'Then the granary must be mine;' and he said 'I suppose the granary must be yours,' or 'It is yours'—I would not be positive which." The plaintiff then put in evidence a deed from Ingles to one Matteson for said premises in sec. 16, dated October 15, 1863, and recorded October 22, 1863. The defendant proved that the premises in sec. 17 were mortgaged by Ingles to one Boyd, July 19, 1855; that the mortgage was foreclosed in October, 1862, the premises sold under the judgment December, 5, 1863, to the mortgagee, and the sale confirmed and a sheriff's deed executed the same day, which deed was recorded December 24, 1863; that Boyd conveyed the premises to the defendant in April, 1864; and that defendant

bought the building in dispute of Ingles after it was moved back to sec. 17, paying $50 therefor. He then " offered to show how the building was situated on sec. 17, for the purpose of showing that the mortgage became a lien on it, and that the title to the building passed by the foreclosure sale ;" but the evidence was rejected.

The defendant asked the following instructions to the jury, which were refused : " 1. If Ingles had sold the land in sec. 16 to Matteson, before he moved the building on to it, title to the building did not pass from the state to Welton, and from him to the plaintiff; and Ingles had a right to remove it. 2. If Ingles intended when he moved the building on to sec. 16, to have it enure to the benefit of himself or to Matteson, the title to it did not pass from Welton to the plaintiff." The court then instructed the jury that the question whether the building was a part of the realty depended on the intent of Ingles; that if he, having or supposing himself to have title to the land, placed the building there with the purpose of having it remain permanently, it was a part of the realty ; and that such intent was to be found from all the facts surrounding the transaction.

Verdict for the plaintiff; motion for a new trial denied; and judgment upon the verdict; from which the defendant appealed.

*Blair & Coleman*, for appellant, argued that as Ingles was not a party to the action, nothing he might have said to Welton could affect the defendant's rights, unless it became a part of some transaction (6 Wis., 63); that in fact the words testified to were no part of the *res gestæ*, and constituted mere hearsay evidence ; that the deed to Matteson divested Ingles of all claim to the land in sec. 16, before he moved the building on to it ; and that there was no evidence for the jury to weigh as to whether he then supposed he had title to the land.

*Gillet & Conklin*, for respondent.

COLE, J.   As the bill of exceptions does not purport to contain all the evidence given on the trial, we must assume that the state of the proofs was such as to render the instructions given proper and pertinent, and to show that those asked and refused would have been improper.   Such a state of facts might have been established by the testimony as to make the charge of the court applicable, although upon the evidence as returned it might in some respects seem to be erroneous.

And it is obvious that the same remark applies to the objection taken to the admissions of the declaration of Ingles.   It might have appeared that he was in possession of the premises on section 16 after he sold the land to Matteson, having title, or claiming title, so as to render his declarations good as against the defendant.   The declarations of Ingles, while in possession of the land on section 16, as to his object in placing the building on that land, and whether he really intended that it should become a part of the realty, were competent evidence.   The declarations, it is true, were not entitled to much weight either way ; but we are inclined to the opinion that they might have been admissible, if it appeared that they were made while Ingles claimed to be owner of the premises.

*By the Court.*—The judgment of the circuit court is affirmed.