\* GOODNOUGH vs. THE CITY OF OSHKOSH.

*Municipal corporations, when liable for injuries caused by defective highway.*

In an action against a city for injuries resulting from the defective condition of a sidewalk, plaintiff must show that the city authorities had actual notice of the defect, or that it was of such a nature, and had existed for so long a time, that knowledge on their part must be presumed.

APPEAL from the Circuit Court for *Winnebago* County.

Action against *The City of Oshkosh*, to recover damages for injuries to the plaintiff's person, occasioned by a defect in one of the sidewalks of the city. The facts proven on the trial are sufficiently stated in the opinion. A verdict for the plaintiff was set aside, on motion, and a new trial ordered ; and plaintiff appealed from the order.

*Jackson & Halsey*, for appellant.

*James Freeman*, for respondent.

DIXON, C. J. The counsel for the plaintiff having been absent from the court below when the motion for a new trial was granted, and not being informed upon what particular point of law or fact the verdict was set aside, have very fully and successfully answered many points which they supposed might be urged in support of the order. But they have, as we think, failed to discover and discuss what must have been the real point of objection in the mind of the court below. The injury sustained by the plaintiff was caused by a defect

in a sidewalk which had once been properly built. It was a defect of a kind not easily to be seen or discovered. A plank had become loosened from the stringers, and when the plaintiff stepped upon it, it tipped up, and she fell, dislocating her ankle and fracturing the largest bone of her leg below the knee. On examining the testimony, which is reported in full in the bill of exceptions, we find no sufficient evidence that the city authorities had notice of the defective condition of the sidewalk so as to charge the city with liability for the injury. The alderman and street commissioner for the ward in which the sidewalk was, testified that he frequently traveled over the sidewalk in question, and that he had not any notice of its being out of repair. The plaintiff received her injury on the 7th day of May. The street superintendent testified that he examined the sidewalk at the place of injury about the first of the same month, and it was not out of repair. This is all the testimony with regard to the knowledge of the city officers. In cases like this, where the defect in the highway is of recent occurrence, it is necessary not only to show that the injury was caused by reason of such defect, but also that the public authorities had notice of it, or that it was of such a nature, and had existed for such a length of time, that knowledge on their part must be presumed. See *Ward v. The Town of Jefferson, ante,* p. 342, and cases cited ; *Cook v. Milwaukee, ante,* p. 270.

This, we believe, must have been the point on which the court below granted the motion, and the testimony in support of the verdict was in this respect so very slight and unsatisfactory, that we think the verdict was properly set aside.

*By the Court.* — Order affirmed.