JULIA F. COLLEY *vs*. INHABITANTS OF WESTBROOK.

There is no rule of law prescribing for what length of time the continuance of an open visible defect in a highway shall constitute notice of its existence.

An instruction that if the jury should find a legal defect, and that it was open and visible during the whole of a certain month, that such fact would constitute sufficient notice, is erroneous.

ON EXCEPTIONS to the ruling of GODDARD, J., of the superior court for the county of Cumberland.

CASE for an injury caused on the evening of December 24, 1868, at the foot of Graves' Hill, in Westbrook, by being thrown from a sleigh by the covering stones of a culvert across a highway leading to the city of Portland.

It appeared that the earth had worn and washed away from the lower side of the covering-stones, leaving them from four to six and one-half inches above the snow, and the snow two and one-half inches deep.

There was much testimony tending to show the defective condition of the way.

There was testimony, also, that the way was repaired October 6, and that the rains in October washed out the repairs.

The judge instructed the jury, *inter alia*, " that actual notice is not required in all cases. If the defect has existed so long that citizens must be presumed to have known its existence, that notice is sufficient. Open and visible defects, such as could be prevented

by common and ordinary diligence, towns are by law bound to no-
tice and guard against.   Chapter 154, of the public laws of 1868,
provides that "It shall be the duty of . . . highway surveyors of
towns, to go over their several highway districts, or cause it to be
done by others, in the months of April, May, June, August, Sep-
tember, October, and November, in each year, and remove the
loose obstructions to the public .travel, and repair such defects as
may occur from time to time, rendering travel dangerous, or give
notice of such defect to the municipal officers of the town."

And if you find that the defect which occasioned the injury was
open and visible during the whole month of November, I instruct
you that that fact is sufficient notice, even though actual notice to
the town is not proved.

If you find a legal defect, and that it was open and visible dur-
ing the whole month of November, I instruct you that that fact
constitutes sufficient notice.

To these instructions the defendant alleged exceptions.


*N. Webb*, in support of the exceptions, cited *Bradbury* v. *Fal-
mouth*, 18 Maine, 65 ; *Bragg* v. *Bangor*, 51 Maine, 539 ; *Winn* v.
*Lowell*, 1 Allen, 178.


*Shepley & Strout*, for the plaintiff.

The statute makes it the duty of the surveyor of highways to
take notice of the defects in the highways, and give notice to mu-
nicipal officers.   Pub. Laws of 1868, c. 154.   The law presumes
the surveyor did his duty.   The town is estopped to deny it.

The town had notice prior to October 6, when the repairs were
made.   But repairs were not thorough, and did not remedy the
defect.   *Horton* v. *Ipswich*, 12 Cush. 488.   *Stinson* v. *Gardiner*,
42 Maine, 248.

The instruction goes no further than *Bragg* v. *Bangor*, 51 Maine,
533.   In that case the defect was hidden ; in this, open, palpable,
potent, obvious.

The judge ruled, "that if the defect had existed so long that citi-

zens must be presumed to have known its existence, that notice is sufficient."

It is evident that the defendants had notice, and if the ruling was wrong, a new trial will not benefit them. A different verdict could not have been found under correct instructions. *Noyes* v. *Shepherd*, 30 Maine, 173. *Copeland* v. *Copeland*, 25 Maine, 525.

Instruction was not erroneous. *Savage* v. *Bangor*, 40 Maine, 176. *Reed* v. *Northfield*, 3 Pick. 94. *Bragg* v. *Bangor*, 51 Maine, 533. Pub. Laws of 1868, c. 154. *Drury* v. *Worcester*, 21 Pick. 44.

APPLETON, C. J. This is an action on the case against the defendant town, for an injury occasioned by a defect in an highway, which they were bound to keep in repair.

To entitle the plaintiff to recover, notice to the town of the defect must be proved. It may be proved directly or inferentially. It may be proved by actual notice to one of the inhabitants, or facts and circumstances may be shown, from which notice may be inferred. But the inference is not of law, but of fact. It is one for the jury to draw.

The presiding justice instructed the jury that if they found that the defect, which occasioned the injury, was open and visible during the whole month of November, that that fact was sufficient notice, though actual notice was not proved, and that if they found a legal defect, and that it was open and visible during the whole month of November, that that fact constituted sufficient notice.

There is no rule of law prescribing for what length of time the continuance of a defect shall constitute notice of its existence. There is no presumption of law on the subject. Whether there was a defect, the length of time it had continued, and whether from its continuance, notice to the town of its existence could be inferred, were alike questions to be determined by the jury, and not by the court. The ruling of the presiding justice was erroneous, in withdrawing from the jury one of the very questions which it

was their province to determine, and in determining it for them, instead of submitting it to their decision.　*Exceptions sustained.*

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.

TAPLEY, J., dissented, and submitted his views as follows:

This is an action against the defendant town, to recover for injuries sustained by reason of a defect in one of its highways. The case is before us on a motion to set aside the verdict, as against the evidence, and because of alleged excessive damages; exceptions also were taken to instructions given by the presiding judge, in his charge to the jury.

The cause was tried before the superior court of the county of Cumberland.　Upon a careful examination of the evidence as it appears upon paper, we are not led to the conclusion that the motion should be sustained for either cause.　Whether the way was or not defective, and the amount of injuries sustained were matters of fact for the determination of the jury, we cannot substitute our judgment for theirs, if it were admitted to be different; their conclusions upon these questions should not be disturbed, unless the case presents evidences of clear injustice being done by some erroneous course of proceeding by the jury.

There is more difficulty concerning the rulings of the court in matters of law, and if it clearly appeared that the instructions were understood according to their strict, literal import, we think the exceptions would have been well taken.

The matter complained of relates to the law appertaining to notice, and when the instructions upon this point are all taken and considered together, with the illustrations given, we are not satisfied the jury were misled by what may be found to have been an incorrect form of expression, in one or two instances.　In order to justify setting aside a verdict rendered in a trial occupying so much time of the parties and the court, as this case did, it should clearly appear there has been in fact a mistrial, an erroneous apprehension of the law of the case, by which the excepting party has been injured.

The presiding judge gave certain instructions upon this point. which were unexceptionable, and gave the law clearly and distinctly, In the course of his remarks he said to the jury, "Did the town have reasonable notice of the deficiency in question? This is distinctly denied by defendants, and therefore must be proved by plaintiff. . . . The law authorizing a private suit like this requires proof of reasonable notice to the town of the defect or want of repair. It is therefore an essential and indispensable element in determining the liability. . . . It is enough if the town have such notice of the exact condition of the road. . . . Of the facts tending to show notice, or to negative notice to the town, you are the exclusive judges." These are expressions which the jury could not misapprehend. They state repeatedly the necessity of notice, and that it is indispensable in this class of cases.

At a later period in the charge, and for aught that appears, following immediately these instructions, came the exceptionable phrases and expressions, which it is claimed entitle the defendants to a new trial.

The first we notice is in these words, "And I further instruct you, that actual notice is not in all cases required. If the defect has existed so long that citizens must be presumed to have known its existence, that notice is sufficient."

This is objected to as dispensing with notice in certain cases, and inconsistent with the majority opinion in the case of Bragg v. Bangor, 51 Maine, 532.

The proposition and illustration taken together, I think, do not convey the idea that actual notice is dispensed with. The sum of this instruction is this, "actual notice is not in all cases required, that is to say, if the defect has existed so long that citizens must be presumed to have known its existence, that notice is sufficient." This instruction proceeds upon the ground of notice being required, and states that if such circumstances are shown, as raises the presumption that citizens knew of its existence, that is sufficient notice. Not that notice is not required, but that such facts furnish sufficient evidence of its existence. This, it must be remembered, followed

immediately after explicit instructions that notice was necessary and indispensable.

Strictly speaking, this instruction relates to the proof of notice, and states the law in the identical language used by this court in the case of *Savage* v. *Bangor*, 40 Maine, 171. I think this instruction did not mislead the jury. The illustration used in it gave the leading and controlling idea to the jury, and qualified the first sentence. The term " actual notice " was used as indicating a notice proved by a citizen who actually saw the defect in contradistinction of a notice proved by inference from circumstances. It is the same identical form of expression used by Justice Tenney in the case of *Savage* v. *Bangor*, 40 Maine, 171.

The next instruction was upon the same subject-matter following up the idea that notice may be inferred from circumstances, and need not be proved by the person who actually saw it.

In this instruction the judge said, " and if you find that the defect which occasioned the injury was open and visible during the whole month of November, I instruct you that that fact is sufficient notice even though actual notice to the town is not proved. If you find a legal defect, and that it was open and visible during the whole month of November, I instruct you that that fact is sufficient notice, and I am prepared to go further in my instructions upon this point if counsel deem it necessary." I think the idea designed to be conveyed was " that that fact was sufficient " evidence of " notice." This is consistent with all that had preceded it and stated in pursuing the statement of the proofs of notice. There would be no propriety in saying such fact would be notice of itself. That proposition would have been stated by saying that " when such circumstances are proved, no notice is necessary." What would be notice, and what would be reasonable notice, had before been discussed and stated by the judge. The evidences of notice were the particular matter under discussion in the latter instructions, and if the facts stated were such as would warrant a finding of notice, the verdict should not for that cause be set aside.

Looking at the evidence in the case, I think there can be no

reasonable doubt that the defendants did have reasonable notice of the defect, if "it was open and visible through the whole month of November." Whether it was or not thus open and visible was a question for the jury. If it was, I think they might well find a notice, if it was not, the instruction became immaterial and inapplicable in the case.

In view of all the facts shown by the evidence in the case, I think that if the way was defective, substantial justice has been done between the parties. An apparently full, fair, and exhaustive trial has been had, and twelve men have concurred in the finding, and although we may find in the charge expressions which may be subject to some unfavorable criticism, if found in a deliberately drawn opinion, I do not feel that the jury have been misled by them to the injury of the plaintiff.

Another form of presenting the case will perhaps present it in as clear a light as any, viz. : suppose the jury, with their verdict, had returned a special finding, That they find the defect was open and visible during the whole month of November, and do not find any other evidence that any citizen of the town knew of the defect. Should the verdict, accompaaied by such a finding, for that cause be set aside ? Could it be said that the verdict was against law and the evidence ? Considering the other evidence in the case, showing the location of the way, the travel over it, the residence of citizens near and upon it, its relation to other towns and cities, &c., &c., I think such a finding, in regard to notice, would be sufficient to sustain a verdict.

The effect of the instruction could have been no greater than to produce such a finding. It is by no means clear that it did produce such a result, but in no event could it have done more.

If, then, they did find that the defect was thus open and visible, we think they might reasonably conclude that the defendants had the notice required by law ; if they did not find this state of facts, there was nothing for the instructions to attach to. *Holt* v. *Inhab.. of Penobscot,* 56 Maine, 15.