## Ann H. Ham *vs.* Inhabitants of Wales.

*Defect in highway—notice of.*

The law imposes no duty upon any inhabitant of a town, other than a town-officer, who perceives an obstruction on a highway, to remove it as soon as by due diligence he can do it.

Hence, in the trial of an action against a town for an injury occasioned by reason of an obstruction suffered to remain on a highway, it is erroneous to instruct the jury that " notice of a defect to any inhabitant of the town, of sufficient intelligence to know and appreciate the danger, and for a sufficient length of time to enable such person, by the use of due diligence to remove it, or to give notice to other inhabitants of the town of its existence, so as to enable them to remove it, if the person, to whom the defect was first known, was not a competent or suitable person to do it, was all the law required."

On exceptions.

Case to recover damages for an injury claimed to have been sustained by reason of alleged defects in the highway.

It appeared that on the evening of Sept. 6, 1867, while the plaintiff was riding with her horse and wagon upon the highway which crosses the Maine Central Railroad, near the Leeds station in Wales, her horse, driven by one Labree, who with his wife were in the wagon with the plaintiff, took fright at a hand-car belonging to said railroad company, then standing within the limits and near the traveled path of said highway, at a point where the highway is intersected by the railroad; became unmanageable, ran back and across the traveled path of the highway, and, for want of a sufficient railing along the embankment of the traveled path, forced the plaintiff's wagon over and down the embankment, whereby her wagon was overturned, and the plaintiff thrown out upon the ground and her left leg broken.

It also appeared that the track-repairers had used the hand-car in the afternoon of that day; that they left it where it was at the time of the accident but a short time before; that that was the usual place for it,—about two feet from the east side of the traveled

path; that the car had been used up and down the line by track-men, every week-day for several months.

It also appeared that several of the inhabitants had seen the car there from ten to twenty minutes before the accident; and that the person who left the car at the place of accident, at the time in question, was a trackman, named Donally, an unnaturalized Irish-man, but an inhabitant of Wales.

The presiding judge instructed the jury,

That the law did not fix any definite length of time that it should remain there, to make the town chargeable with notice; that the town would be entitled to a reasonable time; that is, to so much time, as by the use of ordinary diligence would enable them to remove it; that five minutes would be sufficient, if by the use of reasonable diligence, the car might have been removed within that time; that notice of a defect to any inhabitant of the town, of suffi-cient intelligence to know and appreciate the danger, and for a sufficient length of time to enable such person by the use of due diligence to remove it, or to give notice to other inhabitants of the town of its existence, so as to enable them to remove it, if the person to whom the defect was first known was not a competent or suitable person to do it, was all that the law required.

The verdict was for the plaintiff for $3250, and the defendants alleged exceptions.

*S. & J. W. May*, for the defendants.

*A. A. Strout*, for the plaintiff.

APPLETON, C. J. This is an action of the case against the defendants for an injury occasioned by reason of an obstruction suffered to remain upon the highway.

The instruction, as to notice, was as follows : " That notice of a defect to any inhabitant of the town, of sufficient intelligence to know and appreciate the danger, and for a sufficient length of time to enable such person, by the use of due diligence, to remove it, or to give notice to other inhabitants of the town of its existence, so

as to enable them to remove it, if the person, to whom the defect was first known, was not a competent or suitable person to do it, was all that the law required."

A town is not instantly liable when an obstruction is placed upon, or a defect arises in an highway. Towns are only liable after reasonable notice. By the decisions, notice to an inhabitant is notice to the town. But after notice, the obstructions are to be removed or the repairs to be made by the appropriate officers of the town in a reasonable time. There is no duty upon an inhabitant, not a town officer, perceiving a defect or want of repair, at once to remedy it. The repairing of defects or the removal of obstructions is, or may be, a work of more or less labor, and deserving more or less compensation, which an inhabitant is not bound to do gratuitously. The statute provides by whom the removal of obstructions and the repairs of defects are to be made.

The instruction given imposes the obligation upon the person, perceiving an obstruction or defect at once—as soon as by due diligence it can be done—to remove the obstruction or repair the defect, or, if he is not competent to do it, to require the aid of other inhabitants, who will be bound to do it. It places the duty upon the inhabitant perceiving the obstruction or defect, or those notified by him. But the law places the obligation upon the officers of the town, after reasonable notice, which is a very different thing. The neglect of duty must be the neglect of the town, or its officers, after notice to one of its inhabitants, and after a reasonable time has elapsed in which repairs might have been made or obstructions removed.

The obligation is upon the town to repair. The neglect is of the town in not repairing. The obligation to repair is not upon the inhabitant perceiving the defect, nor is the town guilty of neglect for his not personally making the needed repairs.

*Exceptions  sustained.*

CUTTING, KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.

WALTON, J., did not concur.