CITY OF RIPON VS. BITTEL.

(1) *Damages.* (2–4) *Evidence.* (2, 3) *Medical works, admission of in evidence.* (5) *Municipal corporation, extent of knowledge necessary to fix liability for injuries.*

1. In an action under the statute for injuries to plaintiff's person caused by a defective highway, he may recover the value of his time and services about his business necessarily lost by reason of such injuries and may therefore show the nature and value of his business, and the extent to which it was necessarily interrupted by his injuries.

2. If the bill of exceptions, not purporting to contain all the evidence, shows that certain medical works were read in evidence against objection, but does not show for what purpose they were introduced, it must be *presumed* that it was for some legitimate purpose, if such books can be thus read for *any* purpose.

3. Where witnesses examined as *medical* experts have testified that books recognized as standard authorities in the profession, lay down certain propositions, or sustain certain conclusions, *it seems* that the books thus referred to may be put in evidence for the purpose of discrediting such witnesses.

4. Where evidence was objected to only as immaterial, the party must show that he was or may have been injured by it, or its admission will not be treated as error.

5. Where the street commissioners of a city well knew that the whole of a certain sidewalk was old, rotten and unsafe, the fact that the particular planks which caused the injury were not known to be loose, will not protect the city from liability; nor is such a defect properly a latent one. *Goodnough v. Oshkosh,* 24 Wis., 594, distinguished.

ERROR to the Circuit Court for *Fond du Lac* County.

The defendant in error, *Bittel,* brought his action to recover damages for injuries sustained by reason of a defective sidewalk. The opinion states the case. Verdict and judgment for plaintiff below, and defendant took a writ of error.

*Coleman and Thorp,* for plaintiff in error, to the point that the court below erred in receiving evidence of the extent of plaintiff's business, and the value of his services in carrying it on and superintending it, cited *Harwood · v. City of Lowell,* 4 Cush., 310; *Reed v. Belfast,* 20 Maine, 246; *Chidsey v. Canton,* 17 Conn., 475; *Canning v. Williamstown,* 1 Cush., 451. To the

point that the court erred in admitting in evidence treatises on surgery, and permitting the same to be read to the jury, counsel argued that, while such books might, in the discretion of the court, be read to the jury, they could have no further force or authority than as the opinions of scientific men, citing *Luning v. The State*, 1 Chand., 178; ib. 264; 1 Greenleaf on Evidence, § 446, note.

*Mayham & Perkins* (with *Edward S. Bragg*, of counsel), for defendant in error, to the point that the admission of evidence, as to the nature and extent of plaintiff's business, was competent, cited *Shepard v. Milwaukee Gas Co.*, 15 Wis., 318; *Kinney v. Crocker*, 18 Wis., 75. The objection to the introduction of the medical works, in evidence, being upon the ground of immateriality, the party objecting thereto must show affirmatively that he was prejudiced thereby. *Millett v. Hayford*, 1 Wis., 410; *Sewell v. Eaton*, 6 Wis., 490; *Savage v. Drake*, 8 Wis., 272; *Barton v. Kane*, 17 Wis., 37.

Dixon, C. J. The defendant in error here was the plaintiff in the court below and the action there was instituted by him against the city to recover damages for injuries to his person, caused by defects in a side walk which the city was bound to keep in repair. The plaintiff had a verdict and judgment in that court and the city has sued out this writ of error. The injury was received in July, 1870, upon an old wooden or plank sidewalk, which the evidence shows was built in the year 1858. The walk was upon one of the principal thoroughfares on the west of the city, and did not appear to have been repaired since its construction. It was very considerably out of repair, and that to the knowledge of the street commissioner, some time before the accident happened. Planks had been hauled upon the ground for the purpose of rebuilding or repairing it several days before the injury was received. This had been done under direction of the street commissioner, or by a servant or laborer in his employ. The street commissioner knew the de-

fective condition of the side walk in other places, but his atten-
tion had never been called to the defect at this particular place.
He knew the walk was old and rotten, and in some places un-
safe, but he had not specific knowledge of the danger or un-
safety at the place of injury. The walk there was so situated
that water ran under it and the stringers were defective and
rotten and would not hold a nail. The circumstances of the
injury were something like those in *Goodnough v. the City of
Oshkosh*, 24 Wis., 549. The plaintiff in passing over the walk
met another person who stepped upon one of the loose planks
and it flew up and struck the plaintiff upon the knee-pan of his
left leg, causing a severe blow and contusion, from which great
pain and suffering ensued, and lameness followed from which
the plaintiff had not fully recovered at the time of trial, which
took place in January, 1872. He was obliged to and still
walked with a cane. Plaintiff was a butcher and kept a small
meat market in the City of Ripon, and gave evidence of the
nature and amount of his business, and that he was compelled
to suspend it for about a year after the injury, in consequence
of having received it, and that he had not been able fully to
resume business at the time of trial.

This evidence was objected to on the part of the city. The
jury returned a verdict for $1,200. It appears that the planks
were not displaced at the time of injury until stepped upon by
the person whom the plaintiff met. It likewise appears that
the workman employed by the street commissioner knew that
they were loose and had attempted to nail them down before
the time of accident, but the sleepers were so rotten they would
not hold the nails.

The foregoing is a general outline of the facts, as shown upon
the trial, regarding the manner in which the injury was received
and its nature and effects, the defect which existed in the side
walk, and the knowledge which the city officers had of such
defect.

It is objected that the court erred in receiving evidence of

the nature and amount of the plaintiff's business, and that the same was interrupted in consequence of the injury, and that thereby pecuniary loss and damage were sustained. In support of this objection we are referred to the following authorities: *Reed v. Belfast*, 20 Maine, 246; *Chidsey v. Canton*, 17 Conn., 475; *Canning v. Williamstown*, 1 Cush., 451; *Harwood v. Lowell*, 4 Cush., 310. All these were cases decided under statutes similar to our own. In the first it was held, that an action on the case by the father against a town for the loss of services of a minor son in his employ, and also for expenses of his illness, would not lie. The right of the father to the future earnings of his minor children did not constitute present property within the words of the statute. The second was a similar action brought by a husband and father, after recovery by the parties directly injured, for loss of services of a wife and minor daughter, and expenses, necessarily incurred, and it was decided that the action could not be maintained. It was said that for *consequential* damages, such as loss of service, expense of nursing, etc., resulting to a person from injuries to his wife and daughter, the statute gave no remedy. The third was an action by the party injured, and it was ruled that damages are recoverable against a town only for an injury to the person or property, and not merely on account of a risk or peril, which causes fright and mental suffering; but, where an actual injury to the person is sustained, however small, which causes or is necessarily attended with mental suffering, that suffering is a part of the injury, for which the town is liable in damages. In the fourth, the question decided was, that a husband, whose wife had been injured by reason of a defect in a highway, could not maintain an action against the town, obliged by law to keep the same in repair, to recover for medical and other expenses incurred, or for loss of his wife's services, in consequence of such injury. The decision was put upon the ground that the damage sought to be recovered was merely consequential, or such only as had been indirectly sustained by the plaintiff, and that the statute

City of Ripon vs. Bittel.

did not intend to afford a remedy for all damages caused by the defect, but only for those done to the person, or to the horses, teams, carriages or other goods or chattels of the party injured.

It is manifest that none of those decisions, unlesss it be the case in 1 Cushing, touch or govern the question here, where the interruption of the plaintiff's business, or, what was the same thing, the loss of his time and services, situated and employed as he was, resulted at once from the injury complained of, or from the disability and sickness, caused by it, and that not as the indirect or remote consequences of the injury, but as the immediate, natural and necessary effect produced by it. Sickness and inability to perform customary labor immediately followed the injury and were caused by it, and as immediately followed and caused by the injury also was the loss of time and services,—the breaking up and suspension of a business conducted exclusively by the plaintiff in person, and the profitable and prosperous continuation and management of which depended wholly upon his individual industry and attention. We know of no action against a town in which damages of this nature have been excluded, and doubt if any such can be found. We know of no way in which just and adequate compensation or redress for injuries to the person, and such as the statute obviously intends to give, can be obtained by the suffering party, except it be by such proof of loss and damage sustained as that which was given in this case. Otherwise the action will be limited to a mere recovery of damages for bodily pain and suffering, and the medical, surgical and other necessary expenses attendant upon sickness and disease. No such construction has ever been given the statute, and it is obvious that the rule would fall far short of merited compensation for the injury. The case in 1 Cushing, extends the damages to mental suffering necessarily consequent upon the injury, and the same principle must extend them also to value of time and services necessarily lost by reason of it, or which naturally and inevitably result from it.

It is also objected that the court erred in admitting in evidence certain treatises on surgery which were offered by the attorneys for the plaintiff. The bill of exceptions is not certified to contain all the evidence given upon the trial, and fails to show how much or what portions or passages of the treatises were read to the jury. It is urged that admitting the books *as evidence* was error, and that the court can only, in its discretion, permit medical or scientific works to be read by counsel to the jury, not as evidence, but only as having that force and authority which the opinion of learned and scientific men may give. Some decisions in this state and elsewhere are cited in support of this position, and such perhaps may be the general rule. But counsel for the plaintiff (defendant in error here) insists that if there was any possible purpose for which the books were admissible as evidence, or any supposable state of case in which they ought to have been received, then it was not error to admit them, or if by chance they were admitted for a wrong purpose or improperly, that this court cannot so pronounce and determine. We think the counsel is quite correct in this position. *Kelley v. Kelley*, 20 Wis., 443; *Cutler v. Hurlbut*, 29 Wis. The record does not inform us what the purpose or object of the offer of the treatises was. Counsel suggest that it may have been to expose or discredit the medical witnesses, examined as experts, who, founding their opinions upon the same treatises, recognized as standard authority, had testified that the books laid down such and such particular propositions or theories, or sustained such and such particular conclusions, when in truth and in fact the books did not do so and the witnesses were mistaken. Counsel asks if, under such circumstances, the books would not be admissible as in the nature of impeaching evidence, or to show that the experts were in error. We cannot say that the admission would be improper, and so must overrule the objection.

But there is another circumstance connected with the objection to which our attention is also called. It is that the admis-

sion of the books was only objected to *as immaterial*, and not because they were incompetent or wholly inadmissable in evidence.   It is a general rule that objections of the kind must be specific, so  as to point out to the court the precise grounds upon which they are made, and if put upon one particular ground which is untenable, no other ground will be allowed to be substituted for it for the purpose of establishing error.  That rule applies here, and if the evidence erroneously admitted was merely immaterial, it is incumbent on the party objecting, to show that he was or might have been prejudiced by it, before he can have any benefit or advantage of his exception.   *Barton v. Kane*, 17 Wis., 37, 43.

The only remaining exceptions urged on this writ, are to the refusals to give the first and second instructions requested by the defendant, and to the sufficiency of the evidence to show that the city authorities had notice of the defect in question, which  last comes up, or is supposed to, on exception to the order overruling the motion for a new trial.   The general charge of the court, if not in the very language of this court in several decisions applicable to the case, was at least in accordance with the principles laid down in them, and was unexcepted to.   It covered very fully and fairly all the questions involved in the case.   The two specific requests above referred to, and which were refused, related more especially to the point that the defect in question was a *latent one*, and what would be the duty of the jury in case they so found.   The truth is, so far as the record discloses, that there was very little or no evidence to show that the defect was of the kind properly called latent.   Counsel seem to have insisted upon so calling it, and upon its being so submitted to the jury, because there was no proof that the street commissioner knew that those particular planks were loose.   This, under the circumstances, was unnecessary in order to charge the city with negligence. It was well known that the whole side walk was old, rotten and unsafe.   The case of *Goodnough v. Oshkosh, supra*, relied upon

by counsel, differed very materially in its facts. The facts there appearing were, though they do not seem to be stated in the opinion or report, that the sidewalk in question had been but recently laid out, and was nearly new, and the planks loosened had been torn up or displaced by driving loaded wagons across it. The walk when laid was shown to have been properly laid, and the officers of the city were ignorant of the circumstance that loaded teams had passed over it and loosened the planks. The case presented a very different question, therefore, from any involved here, and the defect was one properly denominated latent.

Upon the question of knowledge in the street commissioner, enough has already been said, but if not, a sufficient answer is, that we are precluded from examining it, because the bill of exceptions does not purport to contain all the evidence.

*By the Court.* —The judgment of the court below is affirmed.