The City of Lafayette *v.* Larson *et ux.*

No. 7599.

THE CITY OF LAFAYETTE *v.* LARSON ET UX.

·CITY.—*Damages.*—*Defective Sidewalk.*—*Pleading.*—In a suit against a city for damages for injuries resulting from a defective sidewalk, the complaint averred that, on, etc., "and for six months immediately previous thereto, the defendant did, wilfully and knowingly, allow and permit *its* sidewalk" (describing it) "to become and remain rotten, decayed, defective, and out of repair."

.*Held*, on demurrer, that the complaint was sufficient.

'SAME.— *Street.*—When a street, within the limits of a city, is in common use by the people, it is the duty of the city to keep it in a reasonably safe condition for ordinary travel.

'EVIDENCE.— *Verdict of Jury.*—Where there was evidence before the jury tending to sustain the verdict. the Supreme court will not disturb it.

.,SAME.—*Husband and Wife.*—Where a husband and wife sue or are sued jointly, and have separate interests, each is a competent witness.

'CITY.—*Notice.*—Notice to a street commissioner, or to a member of the common council of a city, of the defective condition of a sidewalk, is notice to the city.

.;SAME.—Notice in such cases may be proved by actual notice to the proper officers of the city whose duty it is to attend to municipal affairs. or facts, and circumstances may be shown from which notice may be inferred.

INSTRUCTIONS.—*Practice.*—Instructions given by the court. of its own motion, do not constitute a part of the record, unless signed by the judge, or made part of the record by bill of exceptions.

.'SAME.—Where instructions to a jury are not numbered or divided into distinct propositions, an exception to any part of them can be reserved by excepting to all collectively.

i,SAME.—*Negligence.*—*Notice.*—*Knowledge.*—In such action the court instructed the jury, that if the plaintiff, Mrs. L., was not in fault, and the injury occurred through the negligence of the city in allowing its sidewalk to remain out of repair, she would be entitled to damages; but if she knew of the defect in the sidewalk, and walked thereon recklessly, without ordinary care and prudence, she did it at her peril; but if the sidewalk was notoriously out of repair, and she had occasion to walk over it, these facts alone would not allow the jury to draw the inference that she knew of the defect, but she must have personal knowledge thereof; that it was for the jury to determine from the evidence whether she had such personal knowledge or not; that if they found such defect a notorious one, and that she occasionally walked over the sidewalk, these were facts which they might properly consider in determining whether she had such personal knowledge.

*Held*, that the whole instruction, taken together and in connection with the evidence, is substantially correct.

From the Tippecanoe Superior Court.

*J. A. Stein*, for appellant.

*J. R. Coffroth* and *C. B. Stuart*, for appellees.

BICKNELL, C.—This was a suit by husband and wife to recover damages for injuries suffered by the wife from a fall upon a defective sidewalk in one of the streets of the city of Lafayette.

Demurrers were filed to the complaint for misjoinder of causes of action, and to each paragraph of the complaint for want of a sufficient cause of action. The demurrers were overruled, an answer was filed in denial, and the cause was tried by a jury. No instructions were demanded by either party. The court of its own motion gave the jury a general charge, and a verdict was returned for the plaintiff with one thousand dollars damages. The appellant moved for a new trial, and filed the following reasons therefor:

First. Said verdict is not sustained by sufficient evidence, and is contrary to law;

Second. The damages are excessive;

Third. Error of law at the trial, as follows: A. The court erred in permitting Sarah Larson to testify over the appellant's objection. B. The court erred in permitting Jacob Hilt, George H. Williams and Reason Newman, to testify that, before the alleged accident, they had severally notified the street commissioner of said city, and two of its common councilmen, of the defective condition of said sidewalk. C. The court erred in permitting Jacob Hilt to testify that he had repaired said sidewalk under the direction of the street commissioner of said city and one of its common councilmen. D. The court erred in refusing to allow the appellant to ask said Sarah Larson whether the plaintiffs had ever requested the defendant to pay any of the damages sued for. E. The court erred in each and all of its instructions given to the jury in the final charge of the court.

The motion for a new trial was overruled, and judgment, was rendered upon the verdict. Errors were assigned as, follows:

First. The court erred in overruling the demurrer to the complaint;

Second. The court erred in overruling the motion for a new trial.

The alleged error in overruling the demurrer for misjoin-, der of causes of action is waived by the appellant. The. only objection urged by the appellant against the sufficiency of the complaint is that it fails to show "that the injuries occurred upon an improved street of the city." The common council has exclusive power over the streets, highways, alleys and bridges within a city. 1 R. S. 1876, p. 300. When a street within the limits of a city is in common use by the people, it is the duty of the city to keep it in a reasonably safe condition for ordinary travel. *The City of Indianapolis* v. *Gaston*, 58 Ind. 224. This is true whether the street be what is technically called an improved street or; not. It is a partial improvement of a street to build a sidewalk upon it.

Each paragraph of the complaint has the following averment upon the point now under consideration:

"That on the 1st day of July, 1878, and for six months immediately previous thereto, the said defendant did, wilfully and knowingly, allow and permit *its* sidewalk, on the southeast side of Kossuth street, within the limits of said. city, between Oak street and the Dayton gravel road, to become and remain rotten, decayed, defective, and out of repair," etc.

This averment shows that said street was one which the city was bound to keep reasonably safe for ordinary travel. *Lowrey* v. *The City of Delphi*, 55 Ind. 250; *Higert* v. *The City of Greencastle*, 43 Ind. 574; *Grove* v. *The City of Fort Wayne*, 45 Ind. 429. We are satisfied that each paragraph

, of the complaint was good, and that there was no error in overruling the demurrers thereto.

The first reason alleged for a new trial is that the verdict was not sustained by sufficient evidence, and was contrary to law. The appellant's counsel in his brief insists that the evidence shows contributory negligence on the part of the appellees, and this is his only objection to the sufficiency of the evidence. We have examined the testimony. There was evidence before the jury tending to sustain the verdict, and where this is the case the verdict ought not to be disturbed by this court. *Grant* v. *Westfall*, 57 Ind. 121.

The second reason alleged for a new trial, to wit, that the damages were excessive, is waived by the appellant.

The third reason for a new trial, to wit, error of law on the trial, embraces several particulars :

*First.* That the court permitted Sarah Larson to testify, she being the wife of her co-plaintiff. There was no error in this ruling. The general rule is that neither husband nor wife can testify for or against each other, yet, when they jointly sue, or are jointly sued, and have separate interests, each is a competent witness, although the testimony may benefit the other. *Nicklaus* v. *Dahn*, 63 Ind. 87, and the cases there cited.

*Second.* It is alleged as error, on the trial, that the court allowed several witnesses to testify to having separately notified the street commissioner and two of the common councilmen of the city of the defective condition of said sidewalk. There was no error in this ruling. Notice, in such cases, may be proved either directly or inferentially. It may be proved by actual notice to the proper officers of the city, whose duty it is to attend to municipal affairs, or facts and circumstances may be shown from which notice may be inferred. *Colley* v. *The Inhabitants of Westbrook*, 57 Me. 181 ; *Ham* v. *The Inhabitants of Wales*, 58 Me. 222. See, also, *Donaldson* v.

*The City of Boston*, 16 Gray, 508 ; *The City of Ripon* v. *Bittel*, 30 Wis. 614, and 2 Dillon Munic. Corp., sec. 790.

*Third.* It is further alleged as error on the trial that the court allowed a witness to testify that he, under the direction of the street commissioner and one of the common councilmen of said city, had made repairs upon said sidewalk. There was no error in this. It appeared that the bad condition of the sidewalk was notorious ; that the citizens were complaining of it ; that complaints were made to the street commissioner and to Mr. Marks, the councilman from that ward of the city, and that they examined the sidewalk, and caused the repairs to be made. The testimony objected to was competent, as tending to prove that the city had notice, and as tending to prove that the city had control of the sidewalk, and had undertaken to put it in order.

*Fourth.* The fourth matter charged as error on the trial, to wit, that the court refused to permit the appellant to ask Sarah Larson "whether the plaintiffs had ever requested the defendant to pay any of the damages sued for," is not mentioned in the brief of the appellant, and may, therefore, be regarded as waived.

*Fifth.* The last matter alleged as error on the trial is, "that the court erred in each and all of its instructions given to the jury, constituting the final charge of the court." It was held in *Hersleb* v. *Moss*, 28 Ind. 354, that where, as in this case, instructions to a jury are not numbered nor divided into distinct propositions, any exception to any part of them may be reserved by excepting to all collectively. Instructions given by the court, of its own motion, are not part of the record unless signed by the judge, or made part of the record by bill of exceptions. *Newby* v. *Warren*, 24 Ind. 161. The instructions now under consideration do not appear to have been signed by the judge, but the bill of exceptions shows the proper exception, taken at the proper time, and the instructions are set out in the bill. There-

fore, the point made by the appellee, that the instructions are not properly in the record, because they are not signed by the judge, can not be sustained. The appellees make the further point, that the last alleged reason for a new trial is too vague and uncertain. We think this point is not well taken. In *Estep* v. *Larsh*, 21 Ind. 183, several instructions were given and excepted to thus : "to the giving of which instructions, and each paragraph thereof, the defendant immediately excepted." In the motion for a new trial, the objection was stated thus : "The court erred in the instructions given to the jury." The court held, on the authority of *Robinson* v. *Hadley*, 14 Ind. 417, and *Elliott* v. *Woodward*, 18 Ind. 183, that the reason for a new trial was insufficient because it failed to point out with reasonable certainty the part of the instructions claimed to be erroneous. In the case at bar, however, the reason assigned is that each one of the instructions was erroneous ; and in this there is no uncertainty. We can not refuse to consider the instructions. The only points in the instructions, to which the appellant in his brief directs our attention, are, first, the instructions in reference to the proper notice to the city of the defective condition of the sidewalk. These are as follows :

"But the city must have notice of the defect in the streets or alleys. That notice may be given in several ways—in two ways, at least—if you should find from the evidence given in the case, that the street commissioner or some members of the city council had notice of the defect, I instruct you that notice to these officers of the city is notice to the city itself. If you should believe from the evidence that the defect was an open and notorious one, and had been in existence for a considerable length of time, you may infer notice from those facts. If it had been in existence so long a time as to raise the inference that the proper officers of the city, by the exercise of due diligence, might have known of the defect, then from that you may infer that the city

The City of Lafayette *v.* Larson *et ux.*

had notice of the defect." We find no error in this part of the instructions, and it is substantially in accordance with the authorities heretofore cited in this opinion.

Second. The other objection taken by the appellant to the instructions has reference to the question of contributory negligence on the part of the appellees. The entire instruction, to a part of which the appellant objects, is as follows:

"Then, gentlemen, if you find these facts concurring: First. That the injury was received, as alleged in the complaint; Second. That the plaintiff, Mrs. Larson, was not in fault, that is, that the injury was not received through her negligence or fault, but came through the negligence of the city in allowing the sidewalk to remain out of repair; then the plaintiffs have made out their case, and would be entitled to recover damages. I have said it must have been without fault on her part. If she knew there was a defect in the sidewalk where she was walking, and yet walked over that sidewalk recklessly, and without ordinary care or prudence to the danger of her life or limbs, she did it at her own peril; but if it be true that the sidewalk was notoriously out of repair, and the plaintiff had occasion to walk over it, these facts alone would not allow you to draw the inference that she knew of the defect. She must have had personal knowledge of the defect in the sidewalk, and it is for you to determine from the evidence given before you, whether she had or had not such personal knowledge of the defect. If you find the defect was a notorious one, and also that the plaintiff did occasionally walk over the sidewalk, these are facts which you may properly consider in determining whether she had personal knowledge of the defect."

The part of the above instruction to which the appellant objects is the following: "But if it be true that the sidewalk was notoriously out of repair, and the plaintiff had occasion to walk over it, these facts alone would not allow you

to draw the inference that she knew of the defect. She must have had personal knowledge of the defect in the sidewalk, and it is for you to determine from the evidence given before you, whether she had or had not such personal knowledge of the defect." The whole instruction, however, must be taken together, in connection with the evidence in the case, and, so considered, we think there is no error in the instruction which will warrant the reversal of the judgment. "Personal knowledge" means knowledge brought home to the party as distinguished from mere general notoriety, which might never reach the party.

As to the instruction, "that if the sidewalk was notoriously out of repair, and the plaintiff had occasion to walk over it, these facts would not allow you to draw the inference that she knew of the defect," if this instruction, standing alone, would take from the jury the right to draw inferences from the evidence in relation to the knowledge of the party, it was cured by the subsequent instruction in these words: "If you find the defect was a notorious one, and that the plaintiff did occasionally walk over the sidewalk, these are facts which you may properly consider in determining whether she had personal knowledge of the defect." *Gronour* v. *Daniels*, 7 Blackf. 108.

We think the instructions, taken together, are substantially right, *Sipe* v. *Sipe*, 14 Ind. 77; *Haskett* v. *Small*, 16 Ind. 81; and we think the evidence fully justified the verdict, *Blake* v. *Hedges*, 14 Ind. 566; *White* v. *Jackson*, 15 Ind. 156; and that the judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment below be, and is hereby, affirmed, at the costs of the appellant.