Filed Feb. 12, 1885.

---

No. 11,828.

## THE CITY OF AURORA *v.* BITNER ET AL.

PRACTICE.— *Weight of Evidence.*—Where evidence tends to sustain the verdict, the Supreme Court will not disturb it on the weight of the evidence.

SAME.—*Excessive Damages.*—A verdict will not be disturbed on the ground of excessive damages, unless they appear, at first blush, to be grossly excessive.

MUNICIPAL CORPORATION.—*Negligence.—Streets.*—It is the duty of municipal corporations to keep all their streets in a reasonably safe condition for travel, so as not to endanger the persons and property of those lawfully using them, and they are liable for negligently suffering the streets to become unsafe.

SAME.—*Notice of Defect in Streets.—Time.*—A municipal corporation is liable for injuries caused by its neglect or omission to keep its streets in a safe condition for travel, as well as for those caused by defects occasioned by the wrongful acts of others, where the corporation has actual or constructive notice of the defect which caused the injury. Notice to the corporation of the unsafe condition of a street may be inferred from the length of time it has existed, as well as from other facts and circumstances. What is such a length of time must, in a great measure, depend on the circumstances of the particular case, and must, in most cases, be a question of fact to be submitted to the jury.

SAME.—*Crossing Constructed by Private Person.*—A municipal corporation is not exempted from its liability for defects in a crossing by the mere fact that it was constructed by a private person. If such crossing is constructed in a public street, where the public pass on foot, and the same gets out of repair and becomes unsafe, and remains so for such a length of time that the proper authorities, in the exercise of reasonable care and prudence, ought to have discovered the defect and repaired it, the corporation is liable for the negligence, without actual notice.

From the Dearborn Circuit Court.

*C. S. Jelley*, for appellant.

*O. F. Roberts* and *D. H. Staff*, for appellees.

COLERICK, C.—This action was brought by the appellees against the appellant, to recover damages for injuries alleged to have been received by the appellee Mary Bitner, by falling while walking over a defective gutter crossing in the city of Aurora, Indiana. The complaint consisted of three paragraphs, to each of which a separate demurrer was overruled. An answer in two paragraphs was filed, to which the appellees replied. The action was tried by a jury, who returned a verdict in favor of the appellees and assessed their damages at $400, upon which verdict, over a motion for a new trial, judgment was rendered against the appellant, from which it has appealed to this court, and assigns as errors the rulings of the court upon said demurrers, and on the motion for a new trial.

It is unnecessary for us to examine the first and third paragraphs of the complaint for the purpose of determining their sufficiency, as the record shows that the verdict was based alone on the second paragraph of the complaint, and hence, even if error was committed by the court in overruling the demurrers to the first and third paragraphs, it was harmless and unavailable. See *McComas* v. *Haas*, 93 Ind. 276; *State* v. *Julian*, 93 Ind. 292; *Bartlett* v. *Pittsburgh, etc., R. W. Co.*, 94 Ind. 281; *Louisville, etc., R. W. Co.* v. *Davis*, 94 Ind. 601; *Hawley* v. *Smith*, 45 Ind. 183; *Blessing* v. *Blair*, 45 Ind. 546; *Blasingame* v. *Blasingame*, 24 Ind. 86; *Keegan* v. v. *Carpenter*, 47 Ind. 597.

The appellant insists that the second paragraph of the complaint was insufficient in this, that it failed to show with sufficient certainty that the appellant was guilty of any negligence, either in the construction of the crossing or in maintaining it after its construction, and that the injury occurred without the fault or negligence of the injured person. We think the complaint, in these respects, was sufficient. It averred " that

on the 26th day of November, 1881, and for more than five years previous thereto, the defendant kept and maintained within the corporate limits of said city a gutter crossing, crossing from Judiciary street in said city across the gutter running along the west side of said street to the sidewalk on the opposite side of said gutter; that said crossing consisted of boards placed lengthwise with said street, and at right angles with and on two cross pieces of timber parallel with each other and extending across said gutter; that said crossing was continuously used by the citizens of said city and by the public for the purpose of crossing over said gutter; that for more than — days before the time of the injury hereinafter complained of, the defendant allowed the boards of said crossing to become loose and insecure, and that the defendant had notice that said crossing was in an insecure and dangerous condition for more than two days prior to the time of said injury, but that she wholly failed, neglected and refused to repair the same; that on the 26th day of November, 1881, the plaintiff Mary Bitner was crossing said gutter from the west side thereof, in company with Mrs. Mary Cattell, and that while they were so crossing the same, the said Mary Bitner was walking near the side of said crossing, and not suspecting or knowing the dangerous, unsafe and treacherous condition of such crossing, and without any fault, carelessness or negligence on her part, stepped on the outer end of one of the boards of such crossing, which board, being loose on account of the failure and neglect of the defendant to fasten the same as aforesaid, flew up at the opposite end thereof, and just in front, and within a foot, of the plaintiff Mary Bitner, as she was in the act of taking a step forward, when she, without any fault or negligence on her part, but by reason of the aforesaid negligence of the defendant, and before she could control the volition of her body, stumbled and fell over such uplifted board, down upon said gutter crossing," whereby she was injured, etc.

It is the duty of municipal corporations to keep all of their

streets in a reasonably safe condition for travel, so as not to endanger the persons and property of those lawfully using them, and they are liable for negligently suffering them to become unsafe. *Murphy* v. *City of Indianapolis*, 83 Ind. 76; *Higert* v. *City of Greencastle*, 43 Ind. 574; *Grove* v. *City of Fort Wayne*, 45 Ind. 429; *City of Lafayette* v. *Larson*, 73 Ind. 367; *City of Delphi* v. *Lowery*, 74 Ind. 520; *City of Huntington* v. *Breen*, 77 Ind. 29, and cases cited.

In this case, the facts averred showed that the appellant was guilty of negligence in permitting the street to become unsafe for travel, and it was explicitly averred that the injury occurred "without the fault or negligence" of the appellee Mary Bitner. This paragraph of the complaint was sufficient, and, therefore, the demurrer was properly overruled.

The only reasons assigned in support of the motion for a new trial, that have been urged in this court, are, that the verdict was not sustained by sufficient evidence, that the damages were excessive, and that the court erred in giving and refusing certain instructions to the jury. We have carefully examined the evidence and find that it tends to sustain the verdict, and hence we can not disturb the verdict on the weight of the evidence. This court, in cases like this, will not disturb a verdict on the ground of excessive damages, unless they appear at first blush to be grossly excessive. See *City of Evansville* v. *Worthington*, 97 Ind. 282, and cases cited. The damages awarded the appellees were much less than the jury would have been justified under the evidence in assessing, as the injuries received, for which they were given as a compensation, were of a serious and dangerous character.

The only instruction given by the court, that appellant has assailed in its brief, was as follows: "6. If you believe from the evidence that the gutter crossing in question was constructed on a public street in said city of Aurora, by a private person, and not under the direction or supervision of the city, still this would not exempt the city from liability for defects in said gutter crossing, provided the jury believe

from the evidence that said gutter crossing was so out of repair as to be dangerous for ordinary travel, and that the defect was known to the proper authorities of the city, or that, by the exercise of ordinary care, they might have known of such defect before the injury complained of." This instruction is to be considered in connection with the instruction immediately following it, which related to the same subject, and was as follows: "7. If the jury believe from the evidence that said gutter crossing was constructed on one of the streets of said city of Aurora, where the public pass on foot, and that the same got out of repair and unsafe for persons to pass over, and remained so for such length of time that the proper authorities of said city, in the exercise of reasonable care and prudence, ought to have discovered the fact, then actual notice to such authorities of the condition of the gutter crossing is not necessary to hold the city liable for injury sustained by the plaintiff Mary Bitner in consequence of the dangerous condition of the gutter crossing, if she herself used reasonable care to avoid such injury."

The only imperfection, if any, in these instructions was the omission of the court to state that, in order to render the appellant liable for the injury complained of, it was necessary for the appellees to prove that the crossing had remained in an unsafe condition for ordinary travel for a sufficient length of time not only to have enabled the appellant, in the exercise of ordinary diligence, to have discovered its unsafe condition, but also to have repaired the same, or resorted to such measures as might be necessary to protect and guard from accident persons who might pass over the crossing without knowledge of its unsafe condition. See *Turner* v. *City of Indianapolis*, 96 Ind. 51. But the appellant was not injured by reason of the omission of the court to so charge the jury, as the uncontradicted evidence rendered at the trial clearly showed that sufficient time for those purposes intervened after the crossing became unsafe for travel and before the injury occurred.

A municipal corporation is liable for injuries caused by its neglect or omission to keep its streets in a safe condition for travel, as well as for those caused by defects occasioned by the wrongful acts of others, where the corporation has actual or constructive notice of the defect which caused the injury. Dillon Mun. Cor. (3d ed.), section 1024; *Higert* v. *City of Greencastle, supra; Grove* v. *City of Fort Wayne, supra; City of Huntington* v. *Breen, supra; Town of Elkhart* v. *Ritter*, 66 Ind. 136.

Notice to the corporation of the unsafe condition of a street may be inferred from the length of time it has existed, as well as from other facts and circumstances. See *City of Indianapolis* v. *Murphy*, 91 Ind. 382, and cases there cited. What is such a length of time as will charge the corporation with such notice must, in a great measure, depend upon the circumstances of the particular case, and must, in most cases, be a question of fact to be submitted to the jury. *Board, etc.*, v. *Dombke*, 94 Ind. 72.

No available, if any, error was committed in giving the above instruction.

The only instruction refused by the court that the appellant, in its brief, has discussed, was as follows:

" 3. If you believe from the evidence that the gutter crossing mentioned in plaintiffs' complaint was built, constructed, and maintained after it was constructed, by private individuals, and after it was so constructed was never adopted by the city of Aurora as a part of her general system of street improvements, then, and in that event, said city of Aurora was not bound to keep said gutter crossing in repair, and if you find from the evidence that plaintiff Mary Bitner received the injury complained of by reason of said gutter crossing being unskilfully constructed or being out of repair, said city of Aurora would not be responsible in damages for such injury, and your verdict should be for the defendant."

This instruction was in direct conflict with instruction No.

6, given by the court, as above set forth, and, for the reasons stated by us in the consideration of that instruction, did not contain a correct statement of the law, and, therefore, was properly refused by the court.

As there is no error in the record, the judgment should be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 25, 1885.