GALLAGHER, Adm'x, etc., *v.* CITY OF ST. PAUL.

*(Circuit Court, D. Minnesota. August, 1886.)*

1. MUNICIPAL CORPORATION—OBSTRUCTION IN STREET—NEGLIGENCE.
   A city will be liable for injury caused by an obstruction in a thoroughfare used by the public without dissent from the city, although there has been no official action, resolution, or ordinance opening it as a public street.[1]
2. SAME—INJURY FROM ACCIDENT AND DEFECT IN STREET—LIABILITY OF CITY.
   Where an injury results from an accident for which the person injured is not responsible, and a defect in a street, the city is liable.

Motion for New Trial.
*Erwin, Ryan & Ives*, for plaintiff.
*William P. Murray*, for the City.

NELSON, J. This case was fairly presented to the jury, and the evidence warranted the verdict rendered, provided there was no error of law committed by the court. It appeared from the evidence that there was a pile of lumber near the center of Chestnut street, in the city of St. Paul, at a point between the crossing of several railroad tracks and the Mississippi river. The plaintiff's intestate, driving a horse and wagon on this street, towards the river, had passed the tracks, when his horse, frightened by the whistle of a locomotive, became unmanageable, and, coming in contact with this pile of lumber, the wagon was overturned, and the driver thereof hurt and in-

[1] See note at end of case

jured, so that he died within a few hours. It is charged that the injury was the combined result of the negligence of the city government in not keeping Chestnut street at this point in a safe condition for travel, and an accident for which neither the deceased nor the defendant is responsible. It is urged by the city attorney that Chestnut street, at the place where lumber was piled, was not opened so as to impose any duty upon the municipal government of St. Paul to keep it safe for travel, and that the public were not invited to use this part of the street; also, that the instruction given the jury, that where an injury results by reason of the combined result of an accident and a defect in the street, the city is liable, was erroneous.

I think the instructions given correct.

1. In regard to the duty of the municipal government, the court instructed the jury as follows:

"The gist of the action is the alleged negligence of the city of St. Paul, which caused the death of plaintiff's intestate, and it is charged that an obstruction permitted to remain upon a public street was negligence upon the part of the city. * * * It is indispensable that plaintiff satisfies you by competent evidence that Chestnut street was a public thoroughfare, open and under control of the city at the place where the lumber was piled, so as to impose the duty upon the city authorities of keeping it in a safe condition for travel. It is admitted by the city attorney that Chestnut street was in fact a graded street, open for travel, * * * but urged that at the point where the injury occurred it was not open for travel, * * * and that any person who used it did so at his own peril. Now, that is a question for you to determine upon the evidence produced before you. It is not necessary that there should be any formal acceptance of this street as a public street. * * * It is not necessary that there should be official action of the city by resolution or ordinance opening it as a public street. If there was any user permitted by the city upon this street; if the public were all invited, without any dissent by the city, to use it as a public street,—then the city would be required, under its charter and ordinance, to put it in a reasonably safe condition, according to the character of the street and the amount of travel upon it. The supreme court of this state well said in the case of *Phelps* v. *City of Mankato*, 23 Minn. 276: 'It is immaterial how a public street in the city became such, whether by formal acceptance and official action of the city, or by acceptance and user by the public, so far as regards the duty of the city to keep it in safe condition.' So that it [the liability of the city] depends upon the evidence introduced before you whether this street, at the point where the deceased was injured, was a public street over which the city had control, and was required to keep in a safe condition."

2. The court also instructed the jury:

"The injury it is claimed was the result of an accident for which neither deceased nor defendant was responsible, and the alleged negligence of the city. In passing over railroad tracks, the steam escaping from a locomotive frightened the horse, and, becoming unmanageable, he ran upon this obstruction in the street. If the obstacle had not been there, the injury would not have occurred. Where an injury occurs from the combined result of such accident and negligence, the party who is negligent is liable."

The court further instructed the jury that if they should determine that the pile of lumber was an obstruction which should have been

removed by the city, and of the existence of which the city had notice, and that this part of the street was rendered unsafe in consequence of such obstruction remaining there, and the plaintiff's intestate was not at fault, plaintiff was entitled to recover.

I have examined the evidence carefully, and analyzed the charge of the court, only a part of which is quoted here, and find no error of law.

Motion for new trial denied.

### NOTE.

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—NOTICE. It is the duty of the city, and not of "passers-by," to notice defects in streets and sidewalks, and repair them. Squires v. City of Chillicothe, (Mo.) 1 S. W. Rep. 23.

In an action against a municipal corporation for injuries sustained by reason of the defective condition of a sidewalk, it is not necessary that the evidence should show actual notice to the city. It is the duty of a city to keep its streets and sidewalks in a reasonably safe condition for persons to travel upon, and when a sidewalk gets out of repair, so that it is unsafe to travel upon, and so remains for a considerable time, notice of the defective condition of the walk will be presumed. City of Chicago v. Dalle, (Ill.) 5 N. E. Rep. 578.

In an action to recover damages against a city for injuries caused by a defective sidewalk, where the proof shows that the sidewalk was defective at the time of the injury, and had been so for a long time prior thereto, of which defect the street commissioner had actual notice, and that such defect caused the injury, the verdict will not be set aside as being against the weight of evidence. City of Lincoln v. Woodward, (Neb.) 27 N. W. Rep. 110.

While a town will be bound by a notice of a defect in a sidewalk communicated to a member of the town council, such notice must relate to the defects which caused the injury sued for, and notice to the councilman of defects which have been repaired before the accident occurred will not charge the town with notice of those which caused the injury, although they occurred at the place where the repairs had been made. Carter v. Town of Monticello, (Iowa,) 26 N. W. Rep. 129.

It is for the jury to determine, under all the circumstances of the case, how long a defect in a sidewalk or roadway must have existed in order to charge the city with constructive notice. Sheel v. City of Appleton, (Wis.) 5 N. W. Rep. 27; Colley v. Inhabitants of Westbrook, 57 Me. 181.

A defect of three weeks' standing is sufficient to charge the municipal officers with constructive notice, and render city liable. See Sullivan v. City of Oshkosh, (Wis.) 13 N. W. Rep. 468.

Proof of existence of defect for a day is not sufficient to fix liability without also showing actual notice. Sheel v. City of Appleton, (Wis.) 5 N. W. Rep. 27.

It was said in Dotton v. Albion, (Mich.) 15 N. W. Rep. 46, that where a party has been injured by a defect in a sidewalk, it is not necessary that there should be evidence that the authorities had express notice of the condition of the walk. If there existed a state of facts with which ignorance was not compatible, except upon the assumption of failure to exercise reasonable official care, then there is sufficient ground for presuming notice.

Evidence that for a considerable time the sidewalk at and near the place where the injury was sustained was generally in bad condition, is competent to prove notice of the particular defect. Gude v. City of Mankato, (Minn.) 15 N. W. Rep. 175.

Notice will be presumed where the defect was open and notorious. Kelleher v. City of Keokuk, (Iowa,) 15 N. W. Rep. 280.

It is said in Ruggles v. Town of Nevada, (Iowa,) 18 N. W. Rep. 866, that to charge a town with constructive notice of a defective plank in a sidewalk, by reason of which an injury has been sustained, it is necessary to show that the identical defect which led to the accident was open and visible.

The supreme court of the United States say in District of Columbia v. Arms, 2 Sup. Ct. Rep. 840, that in an action against a city to recover damages for injuries received from a fall caused by a defective sidewalk, evidence that other accidents had happened at that place is admissible, as it tends to show the dangerous character of the sidewalk, and as publicity was necessarily given to the accidents, that such dangerous character was brought to the attention of the city authorities.

It was held in City of Delphi v. Lowery, 74 Ind. 520, that in an action against a city for an injury occasioned by a defect in a street, evidence is competent to show previous similar accidents at the same point, and the records of the common council are com-

petent to show the report of a committee appointed by them, and their action thereon, in respect to the defect in question.

In an action against a city to recover damages for an injury sustained from a defect in a highway, it must be shown that the public authorities had notice of the defect, or that it was of such a nature, and had existed for such a length of time, that knowledge on their part must be presumed. Goodnough v. City of Oshkosh, 24 Wis. 549. It was said in Requa v. City of Rochester, 45 N. Y. 129, where a traveler was injured, without fault on his part, in consequence of the removal of planks from a bridge by unknown persons, that the city, being bound to keep the bridge in repair, will be liable, although no actual notice of the defect is given, sufficient time having elapsed to render the condition of the bridge notorious.

Where the statute imposes upon a municipal corporation the duty of keeping in repair a bridge within its limits, and a traveler is injured from the giving way of such bridge in consequence of latent defects, and such latent defects could have been discovered by careful examination, by skilled persons employed by the authorities, the corporation will be chargeable with notice of such defects, and liable in damages. Rapho, etc., v. Moore, 68 Pa. St. 404.

It is said in Weisenberg v. City of Appleton, 26 Wis. 56, where a pedestrian received personal injuries arising from a defective plank in a sidewalk of the city, and the officers of such city knew at the time the accident occurred that the general condition of the walk was such that from mere decay such an accident was liable to happen at any moment, that the city was liable for such injuries, and chargeable with negligence in omitting to repair, without bringing home to the authorities actual knowledge of the looseness of the particular plank which occasioned the injuries.

If a defect in a street be occasioned by accident, or by the wrongful and unauthorized act of a third person, the liability of the city does not begin until it has notice of the defect, or until it has existed for such a length of time that ignorance of its existence is inexcusable. Russell v. Town of Columbia, 74 Mo. 480.

Notice to a councilman of a defect in a street of the city is notice to the city, although the councilman is not at the time engaged in any official act. City of Logansport v. Justice, 74 Ind. 378.

Where the police are charged with the duty of removing nuisances from the streets, the knowledge by a policeman of a dangerous and unauthorized obstruction in the street is notice to the city. Rehberg v. Mayor, etc., of City of New York, 91 N. Y. 137. In Sherwood v. District of Columbia, 3 Mackey, 276, the authorities of the District of Columbia covered a well in a highway, in which there was a public pump, with a wooden platform, and laid on that a brick pavement conforming to the sidewalk. For nine years they made no repairs nor examination. While the plaintiff was using the pump the platform gave way, and he sustained injury, and the district was held liable.