## CITY OF TIPTON v. FREEMAN.

[No. 6,493. Filed December 17, 1909.]

1. APPEAL.—*Separate Assignments.—Joint Exceptions.*—Separate assignments of errors on the overruling of a separate demurrer to the two paragraphs of complaint, are proper, though the exception taken was joint. p. 78.

2. MUNICIPAL CORPORATIONS. — *Defective Sidewalks. — Notice.— Complaint.*—An allegation that defendant city had maintained a defective sidewalk for two years preceding the plaintiff's injury,

shows that the city had at least constructive notice of the defect.  p. 78.

3.  MUNICIPAL CORPORATIONS.—*Sidewalks.—Duty.*— Cities are required to keep their sidewalks in such a condition that persons using them with prudence and ordinary care, may do so without peril.  p. 79.

4.  MUNICIPAL CORPORATIONS.—*Defective· Sidewalks.—Complaint.*— A complaint alleging that defendant city negligently permitted and suffered its sidewalk to remain for two years in a slanting, polished condition, by reason of which plaintiff fell, to her damage, states a cause of action.  p. 79.

5.  APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence, and if there is some evidence tending to sustain every material allegation of the complaint, the plaintiff's judgment will not be disturbed.  p. 79.

From Tipton Circuit Court, *J. F. Elliott,* Judge.

Action by Nancy Freeman against the City of Tipton. From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*James M. Purvis* and *R. B. Beauchamp,* for appellant.
*Gifford & Gifford,* for appellee.

WATSON, J.—This was an action for personal injuries received by the appellee upon a sidewalk within the corporate limits of the city of Tipton, on November 2, 1904.  It is alleged that the appellee was a citizen of Sharpsville, Tipton county, and unacquainted with the sidewalks of the city of Tipton; that she received her injuries on the sidewalk situated on the north side of Jefferson street, between Independence and North Main streets, in front of the building owned by Mary A. Gleason; that said sidewalk at said point was constructed out of limestone more than two years prior to said accident, and was so constructed with a slant or decline from the north to the south side thereof of about one inch to the foot, and by usage had become smooth and assumed a very highly polished surface; that, by reason of the construction of said sidewalk and the worn and polished condition of the stones thereof, appellee, in passing over said portion of said sidewalk, slipped and fell thereon,

and as a result of said fall received severe injuries, bruising her right side and arm, and breaking the femur in her right lower limb; that she was without fault, and her injuries were due to the fault and negligence of said defendant in permitting and suffering said sidewalk to be and remain in said dangerous condition for more than two years.

The complaint was in three paragraphs, to each of which a separate demurrer was addressed and overruled. The cause was put at issue and trial had by the court without the intervention of a jury. The court found for the plaintiff and awarded her damages in the sum of $1,200. Motion for a new trial was overruled and exceptions saved, and an appeal prayed for and granted.

The errors assigned are the overruling of the demurrers to each paragraph of the complaint, and the overruling of the motion for a new trial. The assignment of errors is separate as to the rulings on said demurrer, and the exception is a joint exception. The appellee earnestly insists that this presents no question, and in support of her contention cites *Noonan* v. *Bell* (1902), 159 Ind. 329; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460.

The Supreme Court, in the case of *Whitesell* v. *Strickler* (1907), 167 Ind. 602, 119 Am. St. 524, considered the rulings in the two cases before referred to, and disapproved and overruled such decisions.

The appellant insists that it did not know of the dangerous condition of the sidewalk, which was averred to have been in the then condition for two years or more prior to said accident. If it did not have actual knowledge of this condition, it could have known of it by the exercise of ordinary care within the time averred, which it was required to do, to the end that it might keep its streets and sidewalks in reasonably safe condition for use. *Lyon* v. *City of Logansport* (1894), 9 Ind. App. 21; *City of Columbia City* v. *Langohr* (1898), 20 Ind. App. 395; *City of Indi-*

*anapolis* v. *Mitchell* (1901), 27 Ind. App. 589; *City of Logansport* v. *Dick* (1880), 70 Ind. 65; *City of Aurora* v. *Bitner* (1885), 100 Ind. 396; *City of Michigan City* v. *Ballance* (1890), 123 Ind. 334; *City of Columbus* v. *Strassner* (1890), 124 Ind. 482; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 66 L. R. A. 119.

The appellee was lawfully using the sidewalk at the time she received her injuries. It was the duty of the city to keep the sidewalk in such a condition that persons

3.  using it properly, who did so with prudence and ordinary care so as not to bring injury upon themselves, could do so without peril. It is averred in the complaint that the defendant negligently and carelessly permit-

4.  ted and suffered said sidewalk to be and remain in said slanting, smooth, polished and dangerous condition for a long time prior to said accident; that plaintiff was unacquainted with said sidewalk or the conditions thereof, and that she received her injuries without any fault or negligence on her part.

Each paragraph avers facts sufficient to constitute a cause of action against the appellant. The trial court did not commit error in overruling the demurrers to these several paragraphs. *City of Huntington* v. *Burke* (1899), 21 Ind. App. 655; *City of Huntington* v. *McClurg* (1899), 22 Ind. App. 261; *Town of Sellersburg* v. *Ford* (1906), 39 Ind. App. 94; *Brush Electric, etc., Co.* v. *Kelley* (1890), 126 Ind. 220, 10 L. R. A. 250; *Mayor, etc.,* v. *Starr* (1895), 112 Ala. 98, 20 South. 424.

The question assigned and argued, presented by the motion for a new trial, is "that the decision of the court is not sustained by sufficient evidence." The rule is well set-

5.  tled by the Supreme Court and this court, that it is the duty of the trial court to pass upon the question of the sufficiency of the evidence, and if there is some evidence to support the finding, it is the duty of this court to sustain the trial court, unless it should clearly appear that

substantial justice has not been done. *Cristy* v. *Holmes* (1877), 57 Ind. 314; *Isler* v. *Bland* (1889), 117 Ind. 457; *Lake Erie, etc., R. Co.* v. *Stick* (1896), 143 Ind. 449; *Rarick* v. *Ulmer* (1896), 144 Ind. 25; *Parkison* v. *Thompson* (1905), 164 Ind. 609; *First Nat. Bank* v. *Beach* (1904), 34 Ind. App. 80; *Hoosier Construction Co.* v. *National Bank, etc.* (1905), 35 Ind. App. 270.

In this case the evidence supports the conclusion reached by the trial court. We are, therefore, not warranted in disturbing the finding.

Judgment affirmed.